IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 3:21-cv-00368 |
| O'CONNOR'S ENTERPRISES LLC, d/b/a O'CONNOR'S IRISH PUB & GRILL and ERICA BERGDAHL | ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANT ERICA BERGDAHL

Defendant Erica Bergdahl ("Ms. Bergdahl" or "Defendant"), by and through counsel, for her Answer to the Complaint filed by Scottsdale Insurance Company ("Scottsdale" or "Plaintiff"), states as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

2. The allegations in the first sentence of paragraph 2 are admitted, upon information and belief. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

3. The allegations of this paragraph are admitted.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are not disputed.

5. Jurisdiction and venue are not disputed.

6. Jurisdiction and venue are not disputed.

## NATURE OF THE CLAIM

7. Paragraph 7 of the Complaint does not contain allegations directed at this Defendant and, therefore, no response is required. To the extent a response is deemed necessary, this Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore they are denied.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

## THE *BERGDAHL* LAWSUIT

10. The allegations of this paragraph are admitted.

11. The allegations in Paragraph 11 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

12. The allegations in Paragraph 12 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

13. The allegations in Paragraph 13 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

14. The allegations in Paragraph 14 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

15. The allegations in Paragraph 15 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

16. The allegations in Paragraph 16 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

17. The allegations in Paragraph 17 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

18. The allegations in Paragraph 18 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the

extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

19. The allegations in Paragraph 19 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

20. The allegations in Paragraph 20 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

21. The allegations of this paragraph are denied.

## THE SCOTTSDALE POLICIES

22. Paragraph 22 of the Complaint does not contain allegations directed at this Defendant and, therefore, no response is required. To the extent a response is deemed necessary, this Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore they are denied.

23. The allegations in Paragraph 23 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

24. The allegations in Paragraph 24 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the

extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

25. The allegations in Paragraph 25 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

26. The allegations in Paragraph 26 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

27. The allegations in Paragraph 27 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

28. The allegations in Paragraph 28 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

29. The allegations in Paragraph 29 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

30. The allegations in Paragraph 30 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

31. The allegations in Paragraph 31 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

32. The allegations in Paragraph 32 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

33. The allegations in Paragraph 33 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

34. The allegations in Paragraph 34 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

35. The allegations in Paragraph 35 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the

extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

36. The allegations in Paragraph 36 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

37. The allegations in Paragraph 37 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

38. The allegations in Paragraph 38 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

39. The allegations in Paragraph 39 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

40. The allegations in Paragraph 40 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

41. The allegations in Paragraph 41 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

42. The allegations in Paragraph 42 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

43. The allegations in Paragraph 43 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

44. The allegations in Paragraph 44 of the Complaint refer to a written document, which is the best evidence of its contents and requires no further response in this Answer. To the extent a response is deemed required, Defendant refers to the document itself and specifically denies any allegation inconsistent with its contents.

45. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

## JUSTICIABILITY

46. It is admitted that on or around July 23, 2019, counsel for O'Connor's rejected Ms. Bergdahl's prior settlement demand and offered, as a counter-offer, $50,000 in exchange for a full

and final settlement of any and all claims asserted by Ms. Bergdahl. All remaining allegations in this paragraph are denied.

47. It is admitted Ms. Bergdahl rejected O'Connor's July 23, 2019 counter-offer of $50,000 for full and final settlement of any and all claims. All remaining allegations in this paragraph are denied.

48. The allegations of this paragraph are admitted.

49. Paragraph 49 of the Complaint contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

## COUNT I – DECLARATORY RELIEF – LIMITED DUTY TO INDEMNIFY UNDER THE POLICY

50. Defendant repeats and incorporates by reference herein its responses to the preceding allegations of the Complaint.

51. Defendant admits she suffered injuries as a result of the acts and omissions of Martin and O'Connor's. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

52. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

53. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

## COUNT II – DECLARATORY RELIEF – NO DUTY TO INDEMNIFY UNDER THE EXCESS POLICY

54. Defendant repeats and incorporates by reference herein its responses to the preceding allegations of the Complaint.

55. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

56. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

57. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and, therefore, neither admits nor denies them but demands they be proven.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively asserts that Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

2. Defendant affirmatively asserts that her investigation of this matter is not yet complete and, therefore, she specifically reserves the right to amend this Answer and plead additional facts and/or defenses, including affirmative defenses and compulsory and/or permissive counterclaims, and/or third party claims that may be supported by said investigation and discovery.

By: */s/ J. Alex Little*

J. Alex Little (TN BPR #29858)
Ross M. Johnson (TN BPR #36067)
Zachary C. Lawson (TN BPR #36092)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: 615-724-3203
Facsimile: 615-724-3303
alex.little@burr.com
rmjohnson@burr.com
zlawson@burr.com

*Attorneys for Erica Bergdahl*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system upon:

Bradford D. Box
209 East Main Street
P.O. Box 1147
Jackson, TN 38302
bbox@raineykizer.com

Suzanne G. Marsh
121 South Third Street
Clarksville, TN 37040
sgmarsh@batsonnolan.com

*/s/ J. Alex Little*